UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jafer A., a/k/a J.A., | Civ. No. 26-495 (PAM/LIB) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela Bondi, in her official capacity as Attorney General of the United States; Kristi Noem, in her capacity as Secretary of the United States Department of Homeland Security; Todd M. Lyons, in his official capacity as Acting Director of the United States Immigration and Customs Enforcement; David Easterwood, in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review, Executive Office for Immigration Review; and Department of Homeland Security, | |
| Respondents. | |

---

This matter is before the Court on Petitioner Jafer A.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ("Pet." (Docket No. 1).) For the following reasons, the Court grants the Petition in part.

**BACKGROUND**

Petitioner Jafer A. is a citizen of Ethiopia. (Pet. ¶ 3.) He was admitted to the United States as a refugee on December 23, 2024. (Id. ¶ 1.) The record does not support that he has been charged with or convicted of any crime, and he has not been issued a removal order. On

January 21, 2026, Respondents detained Petitioner, and he remains in their custody. (Id. ¶¶ 1, 6.) This petition followed.

**DISCUSSION**

Petitioner asserts that his arrest and detention violate the Fourth and Fifth Amendments to the United States Constitution, the Immigration and Nationality Act, 8 U.S.C. §§ 1225, 1226, 1321, the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (B), (D), and other laws, and he asks the Court to order his immediate release from Respondents' custody. Respondents contend that Petitioner is subject to mandatory detention under 8 U.S.C. § 1159(a) because he did not obtain lawful permanent resident status within one year of living in the United States.

> Section 1159(a) requires that:
>
> Any alien who has been admitted to the United States under [8 U.S.C.] § 1157 . . . who has been physically present in the United States for at least one year, and . . . who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

The Court finds that Respondents have not demonstrated that Petitioner's failure to adjust his status to lawful permanent resident within one year of living in the United States requires that Respondents detain him for an extended and unspecified amount of time. "Section 1159(a) does not allow for indefinite detention, but rather a brief detention for purposes of 'inspection and examination.'" Aliaksander V. v. Bondi, Civ. No. 26-513, Docket No. 7 at 2 (D. Minn. Jan. 27, 2026) (Doty, J.) (quoting Amin A. v. Trump, Civ. No. 26-251, Docket No. 10 at 4 (D. Minn. Jan. 26, 2026) (Schiltz, C.J.)). Thus, the Court grants the petition in part.

2

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **GRANTED in part**; and

2. Respondents shall:

    a. Within 7 days of the date of this Order, complete inspection and examination of Petitioner as required by 8 U.S.C. § 1159(a) and file a notice confirming that such inspection has been completed, stating the outcome and whether Respondents contend that continued detention is authorized on a specified lawful basis; or

    b. Immediately release Petitioner and file a notice confirming the date, time, and location of release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 29, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge